UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF LEGATUM | Case No. 21-mc-80032-JSC<br><br>**ORDER RE: EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 1 |

Legatum Limited ("Legatum") has filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. Here, Legatum seeks an order allowing it to issue a subpoena to obtain discovery from Glassdoor, Inc. ("Glassdoor") to aid foreign litigation in the United Kingdom. Upon consideration of the application and the relevant legal authority, the Court GRANTS the application.

**BACKGROUND**

Legatum is an investment group in the U.K. Legatum employees sign two agreements at the start of their employment: a Global Employment Agreement and a Confidentiality Agreement, and a Severance Agreement at the conclusion of their employment. (Dkt. No. 1-3, Vickers Decl. at ¶ 3.) Each of these agreements contain a non-disparagement clause and a confidentiality clause. (*Id*. at ¶¶ 4-15.)

Legatum recently learned that three individuals who identified themselves as former Legatum employees had published reviews on Glassdoor.com which rated Legatum very low (1.0 out of 5.0 stars). (*Id*. at ¶¶ 17-19.) In one review, Legatum is described "opaque [and] cliquish,"

having a "very high turnover," and provides a bad "professional experience." (*Id*. at ¶ 17.) The next review states "[t]here is much less emphasis on 'team' than the impression I had prior to joining," "[s]taff turnover is very high," Legatum's Chairman is not involved (or is barely or insufficiently involved) with the company ("[t]he Chairman['s] ... involvement is less and less"), and that "the pre 2017 reviews are more representative of the Legatum I experienced." (*Id*. at ¶ 18.) The third review states that Legatum has "[h]igh staff turnover for all the reasons on the other one star reviews" on Glassdoor.com, that there are "some lovely people working there (non-management)," and that "[v]ery long hours and weekends / evenings are the norm, not just when a deadline is due." (*Id*. at ¶ 19.) Legatum contends that each of these reviews violate its non-disparagement and confidentiality clauses. (*Id*. at ¶¶ 17-19.)

Legatum has attempted to discover the identities of the individuals who posted the reviews, but Glassdoor has refused to identify the reviewers, their email addresses, or IP addresses. (*Id*. at ¶¶ 23-24.) Legatum contends that there is no other way for it to obtain this information which it needs in order to initiate the breach-of-contract cases in the U.K. against the three former employees who allegedly posted these disparaging "reviews." (*Id*. at ¶ 25.)

## LEGAL STANDARD

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint

was still only in the investigative stage). When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order); *see, e.g.*, *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting *ex parte* application for a Section 1782 order); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-mc-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014) (same).

The court retains wide discretion to grant discovery under Section 1782. *See Intel*, 542 U.S. at 260-61. In exercising its discretion, the court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65; *see also In re Request for Judicial Assistance from the Seoul Dist. Crim. Ct.*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted) (noting that the only requirements explicit in the statute are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal, but also holding "that the investigation in connection with which the request is made must related to a judicial or quasi-judicial controversy").

"A district court's discretion is to be exercised in view of the twin aims of [Section] 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Nat'l Ct. Admin. of the Republic of Korea*, 2015 WL 1064790, at *2 (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376

3

F.3d 79, 85 (2d Cir. 2004)). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## DISCUSSION

### A. Statutory Authority

Legatum's application satisfies the minimum requirements of Section 1782. First, Glassdoor's principal place of business is in Mill Valley, California which is within the Northern District of California. Second, although the discovery is not sought for a proceeding presently pending before a foreign tribunal, Legatum has shown a "reasonable contemplation" of litigation. *See Intel*, 542 U.S. at 259. Third, Section 1782 plainly states that discovery orders may issue upon the request of either a foreign tribunal or an interested party. 28 U.S.C. § 1782(a). Legatum—as the prospective litigant—has a "reasonable interest" in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to Section 1782. *See Akebia Therapeutics, Inc. v. Fibrogren, Inc*., 793 F.3d 1108, 1110 (9th Cir. 2015). Lastly, the instant ex parte application is an acceptable method of requested discovery under Section 1782. *See Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219.

### B. Discretion

The Court finds good cause to exercise its discretion to authorize the requested discovery First, Glassdoor is not a party to the prospective U.K. proceedings, and therefore, discovery regarding the Glassdoor reviews is unattainable absent Section 1782(a) aid. Second, Mr. Vickers' Declaration represents that as soon as Legatum receives the identity of the former employees who posted the reviews, it will bring breach of contract actions in the U.K. (Dkt. No. 1-3 at ¶ 25.) This adequately demonstrates that the request is not an attempt to circumvent proof-gathering restrictions in either the U.K. or the United States.

Finally, as for whether the request is unduly burdensome, the Court finds it is not given that the proposed subpoena is limited to information relating to the three posts, the number of people who viewed the post, and any identifying information such as IP addresses. *See* 28 U.S.C. § 1782 (providing that discovery under § 1782 is guided by the applicable standards found in the Federal Rules of Civil Procedure); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that when the identity of a party is not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."). Without more information, the Court cannot conclude that it is unduly intrusive. While Glassdoor has not had an opportunity to respond to the application or to raise any arguments about the burden or intrusion the subpoena imposes on it, applications for Section 1782 subpoenas may be filed ex parte because "[t]he witnesses can...raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219. The Court thus concludes that there is good cause to grant the requested discovery.

## CONCLUSION

For the reasons described above, the Court GRANTS the 1782 application. Legatum may serve the subpoenas attached to its application at Exhibits B and C with the following conditions:

1. Within 7 calendar days after service of the subpoenas, Glassdoor.com shall notify the subscriber that his or her identity is sought by petitioner and shall serve a copy of this order on the subscriber. The subscriber whose identity is sought may, within 21 calendar days from the date of such notice, file documents with the Court that contest the subpoenas. The return date of the subpoenas shall be set after the expiration of the 21-day period for the subscriber to contest the subpoenas. If the subscriber contests the subpoenas, Glassdoor shall preserve (but not disclose) the information sought by the subpoenas pending the resolution of that contest.

2. If Glassdoor.com wishes to move to quash the subpoenas issued to it, it shall do so before the return date of the subpoenas. If such a motion is brought, Glassdoor.com shall preserve the information sought by the petitioner in the subpoenas pending resolution of such motion. Should Glassdoor file a motion to quash, this action shall automatically be reopened.

3. Legatum may only use the information obtained in response to the subpoenas for the sole purpose of the U.K. proceedings and may not release any identifying information without a court order authorizing release of the information.

**IT IS SO ORDERED.**

Dated: February 23, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge